Case 09-41372   Filed 09/29/10   Doc 47

FILED

SEP 29 2010

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>JASON and KRISTINA WATSON,<br><br>Debtors. | Case No. 09-41372-A-7<br><br>Docket Control No. MBB-1<br><br>Date: September 7, 2010<br>Time: 9:00 a.m. |

**MEMORANDUM**

The movant, Deutsche Bank National Trust Company, seeks relief from the automatic stay as to 18705 Horseshoe Road, Hidden Valley Lake, California. The motion will be denied.

The motion proceeds on the premise that the debtors listed the subject property in their schedules. The schedules admit, according to the movant, that the subject property has a value of $350,000, and that the debtors intend to surrender the subject property to the movant.

While the motion demonstrates that the movant holds a security interest in the subject property and that the debtors owe the movant more than $862,000, the court is not convinced that there are grounds for relief from the automatic stay either under section 362(d)(2) or section 362(d)(1). See 11 U.S.C. § 362(d)(1) & (d)(2).

///

To establish that grounds for relief exist under section 362(d)(2) the movant must demonstrate that the debtors have no equity in the subject property. See 11 U.S.C. § 362(g)(1). The movant has not met this burden because it relies on a purported admission by the debtors in their schedules that the subject property has a value of $350,000. If true, then given the $862,000 owed to the movant, the debtors would have no equity in the subject property.

However, Schedule A does not identify the subject property. It indicates only that the debtors own a "single family residence." No address is given for the property.

Perusal of the petition and the debtors' other statements and schedules does not clarify whether the property listed in Schedule A is the subject property. The petition, for instance, indicates that the debtors reside at 6072 Mason Court, Magalia, California. Is the Magalia property the single family residence listed on Schedule A? Is so, Schedule A does not list the property described in the motion.

Also, Schedule D does not identify the movant as one of the debtors' secured creditors. Instead, Schedule D indicates that "Bac Home Loans" holds a lien on property with a value of $350,000. Schedule D also indicates that BAC foreclosed on the listed property on November 1, 2006. The property identified in Schedule D is not specifically described, but given the $350,000 value on both Schedules A and D, presumably this is the same property identified in Schedule A. But, is this the property described in the motion? Once again, this is unclear.

///

Because the motion presumes that the property listed in the schedules is the same property identified in the motion as the movant's collateral, and because that presumption is not warranted, there is no evidence establishing that the debtors have no equity in the subject property. Without this evidence, the movant has not established a basis for relief under section 362(d)(2).

Nor is there a basis for relief under section 362(d)(1). The "cause" offered in the motion is the debtors' purported intention to surrender the subject property, as well as the movant's lack of an equity cushion.

The court cannot conclude the movant is not adequately protected by an equity cushion because the movant has come forward with no convincing evidence as to value of the property.

Nor can the court conclude that the debtors have stated an intention to surrender the subject property. Their Statement of Intention indicates only that they intend to surrender to "Bac Home Loans" its collateral. The movant is not BAC and there is no evidence that BAC's collateral and the movant's collateral is the same property.

So, the movant has proved only that the debtors have an interest in property located at 18705 Horseshoe Road, Hidden Valley Lake, California and that the movant holds a claim of approximately $862,000 secured by that property. There is no convincing evidence as to the value of the property, the debtors' intention with regard to the property, or the existence of any junior or senior liens encumbering the property. In the absence of such evidence, no relief can be accorded to the movant.

The motion will be denied.

Finally, the court notes that the debtors received their chapter 7 discharge on January 25, 2010 and that the deadline to object to the trustee's final report expired on August 10, 2010 without any objections being filed. Other than the motion by Deutsche Bank National Trust Company on August 2, no unresolved contested matters or adversary proceedings have appeared on the docket since the debtors received their discharge. So, had this motion not been filed and set for hearing on September 7, this case would have been closed on August 11. The closing of the case would have caused the automatic stay to expire as a matter of law. See 11 U.S.C. § 362(c)(1) & (c)(2).

It made no sense to file a motion that prolonged the case (and the automatic stay) in order to seek relief from the automatic stay. A reasonable, similarly situated creditor would not have filed this motion. For that reason, and because the movant has not prevailed, the movant shall bear its own fees and costs.

A separate order will be entered.

Dated: 29 Sept 2010

By the Court

Michael S. McManus, Judge
United States Bankruptcy Court

-4-

**CERTIFICATE OF MAILING**

I, Susan C. Cox, in the performance of my duties as a judicial assistant to the Honorable Michael S. McManus, mailed by ordinary mail to each of the parties named below a true copy of the attached document.

Mark Domeyer
1231 E. Dyer Road, Suite 100
Santa Ana, CA 92705

Jason & Kristina Watson
6072 Mason Ct
Magalia, CA 95954

John Reger
280 Hemsted #C
Redding, CA 96002

Dated: September 29, 2010

_____
Susan C. Cox
Judicial Assistant to Judge McManus